**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**ELLEN THOMAS**                                                                                         **PLAINTIFF**

**VS.**                                                              **CIVIL ACTION NO.** 3:20-cv-715-CWR-FKB

**WALMART STORES EAST, L.P.;
JONATHAN "LUKE" CARROLL, STORE MANAGER;
AND JOHN AND JANE DOES 1-5**                                        **DEFENDANTS**

**NOTICE OF REMOVAL**

      **COMES NOW**, the proper Walmart entity, Wal-Mart Stores East, LP ("Walmart"), by and through counsel, without waiving any objections to venue or any other defenses, including any Rule 12(b) defenses, and files this Notice of Removal of this action from the County Court of Hinds County, Mississippi, to the United States District Court for the Southern District of Mississippi, Northern Division, and, in support hereof, would show unto this Court the following:

**COMPLAINT**

      1.       On August 20, 2020, Ellen Thomas ("Plaintiff") filed a Complaint against Walmart in the County Court of Hinds County, Mississippi, this being Cause No. 20-2991. *See* Ex. A, Complaint.

      2.       In the Complaint, Plaintiff alleges she "tripped on a dryer sheet" as she was walking inside Walmart Store 0903 located in Jackson, Mississippi. *Id*. at 2. She claims she fell and landed on the right side of her body (*id*.) and that she sustained injuries to her back, ankle, and knee, and a gash to her arm (*id*.). Further, in the Complaint, Plaintiff seeks an unspecified amount of damages for past and future physical pain and suffering; past and future mental and emotional pain and suffering and distress; past and future medical bills; past and future loss of enjoyment of life; and

"other damages." *Id*. However, Plaintiff has now established through her responses to Walmart's requests for admission (hereto attached as Exhibit B) that the amount in controversy exceeds $75,000. In addition, as discussed in more detail herein below, complete diversity exists in this case. Consequently, this Court has jurisdiction.

## I. PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET.

### A. *This Case is Properly Removable.*

3. This case is properly removable to this Court pursuant to 28 U.S.C. § 1441(a), which provides in pertinent part as follows:

> Except as otherwise expressly provided by Act of Congress, [1] any civil action brought in a state court of which the district courts of the United States have original jurisdiction, [2] may be removed by the defendant or the defendants, to the District Court of the United States for the district or division embracing the place where such action is pending. . . .

28 U.S.C. § 1441(a) (emphasis added).

4. As will be explained in more detail below, this Court has original jurisdiction (diversity jurisdiction) of this case, pursuant to 28 U.S.C. § 1332(a), as amended, which provides in pertinent part as follows:

> a. The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between –
> (1) citizens of different States. . . .

28 U.S.C. § 1441(a).

5. Additionally, the United States District Court for the Southern District of Mississippi, Northern Division, is the district and division embracing the location of the state court where this suit is currently pending.

### B. *This Removal is Timely.*

6. Pursuant to 28 U.S.C. §1446 (b), a notice of removal can be filed within thirty (30) days after receipt "through service or otherwise, a copy of an . . . *other paper* from which it may first be ascertained that the case is one which is or has become removable. . . . " 28 U.S.C. §1446 (b) (emphasis added).

7. Plaintiff's responses to requests for admission, which were filed on October 6, 2020 (*see* Exhibit C, Notice of Service), is the "other paper" from which Walmart first ascertained that the amount in controversy has been met and that this case is removable based on diversity jurisdiction.

8. Since Walmart is removing this case within thirty days of October 6, 2020, this removal is timely.

### C. *Required Documents Have Been Attached and Notice Has Been Given to the Clerk.*

9. Pursuant to 28 U.S.C. § 1446(a), copies of process, pleadings and orders served on Walmart are attached hereto collectively as Exhibit D.

10. Pursuant to Rule 5(b) of the Local Uniform Civil Rules, a true and correct copy of the entire state court file will be timely filed within fourteen (14) days of the date of removal.

11. Additionally, contemporaneous with the filing of this Notice of Removal, Walmart will file a copy of the same with the Clerk of the County Court of Hinds County, Mississippi, in accordance with 28 U.S.C. §1446(d).

## II. DIVERSITY JURISDICTION EXISTS

### A. *Diversity of Citizenship Exists.*

12. Plaintiff is a citizen of Texas. *See* Ex. A, at 1.

13. Wal-Mart Stores East, LP is and was a Delaware limited partnership with its principal place of business in Arkansas. WSE Management, LLC is the sole general partner of Wal-Mart Stores East, LP, and WSE Investment, LLC is the sole limited partner of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC are and were Delaware limited-liability companies, with their principal places of business in Arkansas. Wal-Mart Stores East, LLC is the sole member of both WSE Management, LLC and WSE Investment, LLC. Wal-Mart Stores East, LLC is and was an Arkansas limited-liability company, with its principal place of business in Arkansas. Wal-Mart Stores, Inc. is the sole member of Wal-Mart Stores East, LLC. Wal-Mart Stores, Inc. is and was a Delaware corporation, with its principal place of business in Arkansas.

14. Moreover, "John Doe defendants cannot be considered for purposes of removal." *Smith v. Canadian Nat./Illinois Cent. R.R.*, No. 02;06CV212-P-A, 2007 WL 986876, at *1 (N.D. Miss. Mar. 29, 2007).

### B. Jonathan "Luke" Carroll Has Been Fraudulently Joined.

15. Defendant Jonathan "Luke" Carroll ("Carroll") is a citizen of Mississippi. However, he has been fraudulently joined as a defendant and, as such, he should not be considered for purposes of determining whether there is complete diversity.

16. A resident defendant is fraudulently joined for purposes or preventing removal when there is no "reasonable basis for predicting that state law would allow recovery" against the non-diverse defendant. *Badon v. RJR Nabisco, Inc.,* 236 F.3d 282, 286 and n. 4 (5th Cir. 2000); *see also, Travis v. Irby,* 326 F.3d 644, 647 (5th Cir. 2003). To determine whether there is a reasonable basis for predicting that state law would allow recovery against a non-diverse defendant, courts utilize the

following test:

> The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Ci. 2004); *see also Crawford v. Charles Schwab & Co., Inc.,* 2009 U.S. Dist. LEXIS 101598, *10 (N.D. Tex. Oct. 30, 2009).

17.     The Rule 12(b)(6)-type analysis requires the court to determine whether the plaintiff has "'pleaded enough facts to state a claim to relief that is plausible on its face.'" *Crawford,* 2009 U.S. Dist. LEXIS 101598 at *10 (quoting *In re Katrina Canal Breach Litigation,* 495 F.3d 191 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 570 (2007), *cert. denied,* 552 U.S. 1182 (2008)).  A complaint will not survive the Rule 12(b)(6)-type analysis if it "'tenders naked assertions devoid of further factual enhancement.'" *Id. quoting Ashcroft v. Iqbal,* 129 S. Ct.1937, 1949 (2009).  Furthermore, "'[c]onclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not improperly joined.'" *Id. (quoting Randle v. SmithKline Beecham Corp.,* 338 F. Supp. 2d 704, 708 (S.D. Miss. 2004).  Thus, to survive a Rule 12(b)(6)-type inquiry a plaintiff must plead "'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (citing *Iqbal,* 129 S. Ct. at 1949).

18.     Here, the Complaint alleges the incident that is the subject of this lawsuit occurred "on or about **June 11, 2017**." Ex. A, at 2 (emphasis added).  However, the incident actually

happened on **July 11, 2019**. The Complaint alleges that Carroll was employed as a Store Manager for Walmart at the relevant time and that he took an incident report following the incident alleged in this matter. However, Carroll was not the manager of the subject premises on either June 11, 2017, or July 11, 2019, as stated in his affidavit, hereto attached as Exhibit E:

> ... On June 11, 2017, I was not the Store Manager for Walmart Store 0903 located at 2711 Greenway Drive in Jackson, Mississippi.
>
> ... Further, upon information and present belief, the actual date of the incident alleged by the plaintiff herein is July 11, 2019.
>
> ... On July 11, 2019, I was not the Store Manager for Walmart Store 0903 located at 2711 Greenway Drive in Jackson, Mississippi.

19.     Moreover, there is no evidence that Carroll, in any way, personally attributed to the existence of the alleged hazardous condition referenced in Plaintiff's Complaint. As such, Carroll has been fraudulently joined in this action, and his residency should not prevent removal premised on diversity jurisdiction. *See, e.g., McConnell v. Funk*, 2010 WL 1399849 (S.D. Miss. April 12, 2011).

### B.     The Amount in Controversy Has Been Met.

20.     Plaintiff's responses to Walmart's requests for admission establish that the amount-in-controversy has been satisfied:

> 2.     Admit that you would not accept any sum greater than $75,000.00 for any damages even if awarded by a jury.
>
> RESPONSE: Denied.
>
> 4.     Admit that you will never seek a verdict from any jury hearing this action greater than $75,000.00.
>
> RESPONSE: Denied.

> 5. Admit that you will not seek a verdict in excess of $75,000.00 exclusive of interests and cost at the trial of this matter.
>
> RESPONSE: Denied.

Ex. B, at 1-2.

21.     Thus, Plaintiff refused to admit that she would not accept a sum greater than $75,000 for any damages; that she would not seek a verdict greater than $75,000; and that she would not seek a verdict in excess of $75,000 exclusive of interest and costs. Therefore, the amount-in-controversy component of diversity jurisdiction has been met in this case, and removal is proper. *Reed*, CIV.A. 1:09CV84SA-JA, 2009 WL 3766693, at *1-2 (finding that removal was proper where the plaintiff had denied a request for admission that asked her to "admit that [she would] not seek damages nor [would she] execute on any judgment rendered in [her] favor against the defendants in excess of $75,000, exclusive of interest and costs"); *Holmes v. Citifinancial Mortgage Co.*, 436 F. Supp. 2d 829, 831-32 (N.D. Miss. 2006) (holding that where Plaintiff claimed $74,500 for all damages alleged in his Complaint but did not submit an affidavit and binding stipulation agreement to that effect and objected and/or refused to answer requests for admission that stated to a legal certainty that he would not seek or accept damages in excess of $75,000, the defendant had met its burden of proving the amount in controversy by a preponderance of the evidence); *Fields v. Household Bank (SB), N.A.,* 280 F. Supp. 2d 530, 531-32 (N.D. Miss. 2003) (finding that a defendant proves by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount where the defendant requests that the plaintiff admit, through a request for admission, that she will not seek more than the jurisdictional limit, and the plaintiff denies this request); *Fields v. Beneficial Nat'l Bank USA*, No. 1:00CV64-S-A, 2000 WL 33907905, at *1 (N.D. Miss. June 7, 2000) (finding that

the amount-in-controversy component of diversity jurisdiction had been met where the plaintiff had failed to agree not to seek damages in excess of $75,000).

22. Walmart reserves its right to amend or supplement this Notice of Removal.

23. Walmart also reserves all affirmative defenses, including, but not limited to, Rule 12(b) and 8(c) defenses.

**WHEREFORE, PREMISES CONSIDERED**, Walmart respectfully requests that this Court proceed with the handling of this case as if it had been originally filed herein and that further proceedings in the County Court of Hinds County, Mississippi, be hereby stayed.

This the 5th day of November, 2020.

Respectfully submitted,

**WALMART STORES EAST, L.P. and WAL-MART STORES EAST, LP**

By: /s/ Dorissa S. Smith
Thomas M. Louis (MSB No. 8484)
Dorissa S. Smith (MSB No. 104541)

OF COUNSEL:

WELLS, MARBLE & HURST, PLLC
Post Office Box 131
Jackson, Mississippi 39205-0131
Telephone: (601) 605-6900
Facsimile: (601) 605-6901
tlouis@wellsmarble.com
dsmith@wellsmarble.com

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of this document was filed using the Court's ECF system, which should have automatically emailed a copy to:

Carlos E. Moore, Esq.
The Cochran Firm - Mississippi Delta
Post Office Box 1487
Grenada, MS 38902-1487
cmoore@cochranfirm.com

This the 5th day of November, 2020.

                                              Dorissa S. Smith