IN COUNTY COURT OF HINDS COUNTY, MS
1ST JUDICIAL DISTRICT

ELLEN THOMAS                                             PLAINTIFF

CAUSE NO.: 20-2991

v.

WALMART STORES EAST, L.P.,
JONATHAN "LUKE" CARROLL,
STORE MANAGER, AND JOHN                                  DEFENDANTS
AND JANE DOES 1-5

## COMPLAINT
### (JURY TRIAL DEMANDED)

COME NOW, Ellen Thomas ("Plaintiff") by and through counsel and files this, her Complaint, against Walmart Stores East, L.P., Jonathan "Luke" Carroll, Store Manager, and John and Dane Does 1-5 ("Defendant Wal-Mart," "Defendant Store Mgr. Luke," "Defendant Does," or collectively "Defendants") and would show unto the Court the following:

### PARTIES

1. Plaintiff is an adult resident of the State of Texas. Presently, she resides at 4307 North Shore #2064, Irving, Texas, 75038.

2. Defendant Wal-Mart is a foreign corporation qualified to do business in Mississippi, and may be served via its registered agent, C T Corporation System, 645 Lakeland East Drive, Flowood, MS 39232.

3. Defendant Store Mgr. Luke is an adult resident citizen of the State of Mississippi, employed as Store Manager at Wal-Mart, and he may be served with process at his place of employment, located at 2711 Greenway Drive, Jackson, MS 39204.

EXHIBIT A

4. Defendant John Doe 1 was an individual managerial employee of the Walmart Supercenter #903 located at 2711 Greenway Drive, Jackson, MS 39204. Plaintiff has exercised due diligence to find the complete identity of John Doe 1, but has been unable to do so.

5. Defendants John and Jane Doe 2-5 were employees of Walmart located at 2711 Greenway Drive, Jackson, MS 39204, and their identity is unknown at the time.

## JURISDICTION AND VENUE

6. Pursuant to Miss. Code Ann. §9-9-21, The county court shall have original jurisdiction in all actions when the principal of the amount in controversy does not exceed ($200,000), and of all other actions and causes, matters and things arising under the constitution and laws of this state which are not exclusively cognizable in some other court, and such appellate jurisdiction as prescribed by law.

7. This Court has personal jurisdiction over all Defendants in the instant suit who may reside or may be found in the State of Mississippi or qualified to do business in the State of Mississippi and have appointed a registered agent to accept service of process.

8. Pursuant to Miss. Code Ann. 11-11-3, venue is proper in the County Court of Hinds County, Mississippi in that a *substantial event* that caused the injury occurred in Hinds County.

## FACTS

9. On or about June 11, 2017 Plaintiff was shopping at the Wal-Mart Supercenter located at 2711 Greenway Drive, Jackson, MS 39204.

10. As Plaintiff was headed to the "baby section" of the store, she tripped on a dryer sheet located in the aisle.

11. Plaintiff attempted to catch herself but was unsuccessful in her attempt.

2

12. Consequently, Plaintiff fell and landed on the right side of her body. Plaintiff was able to get up while limping and was able to notify and employee of the incident.

13. Defendant Store Manager Luke took an incident report on behalf of Plaintiff and indicated that someone would contact her. However, they never did.

14. At all times relevant herein, Defendant Store Mgr. Luke was employed and acting within the scope of his employment at Defendant Wal-Mart.

15. Plaintiff sustained injuries from the slip and fall including severe back pain, ankle pain, an injured knee, and a gash to her arm.

16. Plaintiff, has suffered damages which include, but are not limited to, past and future physical pain and suffering; past and future mental and emotional pain and suffering and distress; past and future medical bills; past and future loss of enjoyment of life, and other damages to be determined at the time of trial of this matter.

## CLAIMS FOR RELIEF

## COUNT I. NEGLIGENCE

17. Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

18. The defendants, collectively and/or individually, owed a duty of care to the public, invitees, business patrons, and in particular the plaintiff, Ellen Thomas in the following non-exclusive ways:

    A. To provide a safe environment for invitees and shoppers;

    B. To use reasonable due diligence to act in a manner that would prevent harm to their invitees, including plaintiff;

 C. To properly and safely stock shelves and/or aisles in a manner that would not cause harm to invitees, including plaintiff;

 D. To properly hire and train their employees to conduct themselves in a manner to prevent harm to invitees, including plaintiff, which training should necessarily include the proper methods to stock shelves, maintain a clear walking aisle, remove hazardous items from off the ground;

 E. To implement safety policies, procedures, and practices that would prevent harm to invitees, including plaintiff, and to follow such safety policies, procedures and practices;

 F. To properly supervise the conduct of its employees while acting in the course and scope of their duties to make sure no unsafe conduct or condition exists.

19. Defendants, through their employees, agents, and/or managers, breached their obligations and their duties owed to the plaintiff, by failing to abide by the above listed duties and the defendants breached the applicable standards of care in this situation by negligently allowing materials to stay in the aisle which caused Plaintiff's injuries.

## COUNT II. NEGLIGENT HIRING, RETENTION AND SUPERVISION

20. Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint set forth herein in their entirety.

21. All defendants owed a duty to properly supervise and train all employees, agents, and/or managers in the scope and course of their employment including the use of reasonable safety precautions and obligations to maintain the premises in a reasonably safe condition, including safely and properly stacking boxes, stocking shelves, and maintaining a clear aisle way.

4

22. Plaintiff's injuries were sustained directly as a result of the defendant's breach of the above listed duties to properly train employees, agents and/or managers and to ensure compliance by those individuals with all applicable safety rules and policies.

23. Defendants' breach of their duties was a direct and proximate cause of the harm and injuries sustained by the plaintiffs; but for the negligent conduct of the defendants, the harm suffered by plaintiff would have been avoided.

## DAMAGES AND CAUSATION

24. As a direct and proximate consequence of the incident, Plaintiff was caused to suffer the following injuries and damages, which include at least the following:

    A. Emotional distress mental anguish which Plaintiff suffered, and will continue to suffer;

    B. Hardship and inconvenience;

    C. Humiliation and embarrassment;

    D. Lost wages

    E. Medical care, counseling, mental health care which might be recommended, or which might have been recommended, which might occur, or which may have occurred, in the past, present or future.

25. As a direct and proximate consequence of the incident, Plaintiff was caused to suffer injury.

26. Plaintiff is entitled to recover a final judgement of, from, and against Defendant for all of the following:

    a. A sum totaling $75,000.00 and/or in excess of the minimum jurisdictional limitation of this Court, and adequate to reasonably compensate Plaintiff for all actual compensatory damages suffered by him as a direct and proximate consequence of the incident;

b. Pre and post-judgment interest as provided by law; and,

c. All costs herein.

## AD DAMNUM

WHEREFORE, PREMISES CONSIDERED, Plaintiff now brings this cause of action against Walmart Stores East, LP and John and Jane Does 1-5 and demands judgment of and from the Defendant which will fairly compensate Plaintiff for her injuries and damages, together with all costs and pre and post judgment interest.

Respectfully submitted, this the 19th day of August, 2020.

**ELLEN THOMAS, Plaintiff**

By: _____

**Carlos E. Moore, MSB# 100685**

OF COUNSEL:

**THE COCHRAN FIRM – Mississippi Delta**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: cmoore@cochranfirm.com

6